UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

William Ernest Drum
Rosalie Sanez Drum,       Case No. 09-78608-MBM
                  Chapter 7
       Debtors. /  Hon. Marci B. McIvor

## ORDER DENYING TRUSTEE'S
## MOTION TO REVOKE ABANDONMENT OF REAL PROPERTY

On December 18, 2009, Debtors, William Ernest Drum and Rosalie Sanez Drum, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On January 26, 2010, the Chapter 7 Trustee filed the "Trustee's Report of No Distribution." In that report, the Trustee stated that there were no assets to administer for the benefit of creditors of the estate.

On March 24, 2010, Debtors received an Order of Discharge. On March 25, 2010, Debtors' bankruptcy case was closed.

On June 7, 2010, the Chapter 7 Trustee filed a Motion to Reopen Chapter 7 case and to Revoke the Abandonment of Real Property. The Trustee's motion alleged:

> When the case originally closed, the real property had no non-exempt equity, and there were no other assets to administer. Since then, the bank has foreclosed on the real property, but bid below what was scheduled as market value at the foreclosure sale. As a result, and but for the bankruptcy case having closed, the property could be sold for market value, the redemption amount paid, and the difference used to pay creditors.

On June 7, 2010, the Court entered an Order Reopening Debtors' Case and

Revoking the Abandonment of Real Property.  On June 22, 2010, the Court entered an Order Vacating Portion of June 7, 2010 Order Which Permitted Revocation of Abandonment of Real Property.

On June 29, 2010, the Court held a hearing on the Trustee's Motion Seeking Revocation of Abandonment.  The United States Trustee appeared at the hearing and objected to the Trustee's Motion.  The Court set the matter for an evidentiary hearing on July 19, 2010.

On July 16, 2010, Judge Phillip J. Shefferly, of the Eastern District of Michigan, issued an opinion in *In re Tracy Edward Reiman and Diane Carol Reiman,* Case No. 09-70776-PJS.  The relevant facts of the *Reiman* case are similar to the facts of this case, and the Trustee's legal argument, that is that the Court should "revoke an abandonment" and allow the Trustee to administer the equity of redemption, is identical to the legal theory advanced in the instant case.  In his well reasoned opinion, Judge Shefferly concluded that the "Trustee's motion to revoke abandonment must be denied."

This Court agrees with Judge Shefferly's holding in *In re Reiman*.  Since the opinion thoroughly addresses the legal issues raised by the Trustee in this case, in the interest of judicial economy, the Court concludes it is unnecessary to hold an evidentiary hearing.  The Court further concludes for all the reasons set forth in Judge Shefferly's opinion, that the Trustee's Motion to Revoke Abandonment, in the instant case,  must be denied.  Therefore,

IT IS HEREBY ORDERED that the Trustee's Motion to Revoke Abandonment is denied.

IT IS FURTHER ORDERED that this case shall be immediately closed.

2

**Signed on July 20, 2010**

                                                                **/s/ Marci B. McIvor**
                                                                **Marci B. McIvor**
                                                                **United States Bankruptcy Judge**